No: 2023-1257

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

LARRY GOLDEN
*Plaintiff-Appellant*

v.

INTEL CORPORATION.,
*Defendant-Appellee*



RECEIVED
MAR 24 2023
United States Court of Appeals
For the Federal Circuit

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA—

SAN JOSE DIVISION

IN 5:22-cv-03828-NC: MAG. JUDGE NATHANAEL COUSINS

## PLAINTIFF-APPELLANT'S MEMORANDUM IN LIEU OF ORAL ARGUMENT

Every time, and in every court, the Judge improperly dismisses Plaintiff's patents "frivolous", 35 U.S. Code § 282(a) In General. "A patent shall be presumed valid. Each claim of a patent (…. independent, dependent, or multiple dependent …) shall be presumed valid independently of the validity of other claims", invalidity must be proven on the heightened standard of "clear and convincing evidence". All Plaintiff's cases concern motions to dismiss. Such motions do not resolve whether Plaintiff will ultimately prevail, but simply whether the complaint was sufficient to cross the Court's pleading threshold.

The Northern District of California Judges has improperly dismissed Plaintiff's [patents] cases against Apple, Intel, and Qualcomm as "frivolous", while overlooking and allowing for the Defendants' "misuse" of their patents. Apple's "misuse" involves the use of its first *design* patent (2007) as the first *utility* patent for the smartphone. Intel continues to claim the right to exclude others and collects royalties on old, outdated, and expired patents. Qualcomm forces its customers to pay royalties on unpatented products, or products that are patented by the Plaintiff).

The one time the Federal Circuit in *Larry Golden V. Google LLC*; CAFC Case No. 22-1267 issued a decision that Plaintiff's complaint and claim charts are not "facially frivolous" because "Mr. Golden's complaint includes a detailed claim chart mapping features of an accused product, the Google Pixel 5 Smartphone, to independent claims from U.S. Patent Nos. 10,163,287, 9,589,439, and 9,096,189" … "Mr. Golden has made efforts to identify exactly how the accused products meet the limitations of his claims in this chart" [vacated and remanded]; the Northern District of California Judges in Apple, Intel, and Qualcomm has blatantly disrespected the opinion of the Federal Circuit that Plaintiff's [patents] are not "facially frivolous", and reverted back to improperly dismissing Plaintiff's patents as "frivolous"; meaning the patents "lacks any arguable basis either in law or in fact" *Neitze v. Williams*, 490 U.S. 319, 325 (1989).

The Trial Court erred in dismissing Plaintiff's *Golden v. Intel Corporation* Case No. 5:22-cv-03828-NC as having already been decided in *Golden v. US* Case No. 13-307C. *Golden v. US* was a case against the United States Government—for infringement allegations against the DHS.

Equally, the limitations, function and operation of most desktop PCs, tablets, laptops, and smartphones, from most desktop PCs, tablets, laptops, and smartphone manufacturers, are the same—as illustrated in Plaintiff-Appellant's MODIFIED ENTRY: INFORMAL BRIEF FILED; Dkt. 2 Filed 12/20/2022 [the Brief include charts].

**Below Charts: Patent Claims Intel Allegedly Contribute to Infringing. Alleged Infringing Products Intel Allegedly Contributed to Infringing. Intel's Alleged Infringing Products.**

| CMDC Devices (i.e., laptops, desktops, tablets, etc.) that includes Intel CPUs | Patent #: 10,163,287; Independent Claim 5 | Patent #: 9,589,439; Indep. Claim 23 | Patent #: 9,096,189; Independent Claim 1 |
|---|---|---|---|
|  | A monitoring device, comprising: | A cell phone comprising: | A communication device of at least one of a cell phone, a smart phone, a desktop, a handheld, a PDA, a laptop, or a computer terminal for monitoring products, interconnected to a product for communication therebetween, comprising: |
| **Independent Claim 5 Patent #: 10,163,287** | **HP 27-dp0188qe AiO PC** | **Lenovo IdeaPad 3 14" Laptop** | **Dell Venue 8 Pro 5855 Tablet** |
| A communication device… a cell phone, a smart phone, a desktop, a hand-held, a PDA, a laptop, or a computer … | Desktop PC | Laptop | Tablet (i.e., Hand-Held) |
| at least one of a central processing unit (CPU) for executing and carrying out the instructions of a computer program … | CPU: Intel® Core™ i7-10510U (1.8 GHz base frequency, up to 4.9 GHz with Intel® Turbo Boost Technology, 8 MB L3 cache, 4 cores) Integrated: Intel® UHD Graphics | CPU: Intel Core i5-1035G1 Quad Core Processor. Display: 14.0" FHD LED Backlit Anti-Glare Display Memory: 8GB (4GBOnBoard + 4GB DIMM) Operating system: Windows 10 | CPU: Intel Atom x5-Z8500 quad-core; GPU: Intel HD Graphics; 4 GB of working memory; Operating System: preloaded Window 10 |

3

| Contribute to the Infringement of a Patented Product: Tablet | Patented Contributing Product: Central Processing Units (CPUs) | Patented Contributing Product: Chemical Sensors for Hazardous Detection | Contribute to the Infringement of a Patented Product: PCs, Laptop, Tablet |
|---|---|---|---|
| 10.1" Rugged Tablet for Windows with NFC, 4G, GPS, & WIFI: CPU: 8th Generation KBL-R Intel® Core™ i5-8250U, 4M Cache, 3.40 GHz; Optional CPU: Optional: 8th Generation KBL-R Intel® Core™ i7-8550U, max. frequency 4.0 GHz  Claim 1 of the "189 Patent: A communication device of at least one of a cell phone, a smart phone, a desktop, a handheld, a PDA, a laptop, or a computer terminal | **Intel Core** is a line of computer central processing units (CPUs) marketed by Intel Corporation. The Core processors includes the Intel Core i3; Core i5; Core i7, and Core i9 the X-series of Intel CPUs.  Intel Core i7 as an Intel brand name applies to several families of desktop and laptop 64-bit x86-64 processors<br><br>Contributes to at least the infringement of the HP 27-dp0188qe, AiO PC; the Lenovo IdeaPad 3 14" Laptop; the Dell Venue 8 Pro 5855 Tablet | Intel's Loihi Neuromorphic Chip to Learn and Recognize the Scents of 10 Hazardous Chemicals. Below: Intel Labs' Nabil Imam holds a Loihi neuro-morphic chip in his Santa Clara, California, neuro-morphic computing lab. (Walden Kirsch/Intel Corp)  Intel and Cornell trained Intel's Loihi neuromorphic chip to learn and recognize the scents of 10 hazardous chemicals … the activity of 72 chemical sensors in response to these smells and configured the circuit diagram of biological olfaction on Loihi. | Intel's Internet of Things (IoT) is a network of devices that create, modify, delete, send, and receive data between each other on their own; use data; make decisions  Intel's architecture and implementation of an Internet Of things based mobile application for a door lock security system This implementation has two devices i.e., Mobile and the Door, both are connected to the internet. The sensors connected to the internet (IoT) to be monitored remotely from anywhere in the world. |

## CONCLUSION

Sherman Antitrust Act § 1: "conspiracy in restraint of trade" — A civil conspiracy is a form of conspiracy involving an agreement between two [Intel and Qualcomm] or more parties to deprive a third party of legal rights or deceive a third party to obtain an illegal objective.

Such an agreement may be made orally or in writing or *implied* by the conduct of the parties. An *implied* agreement exists when there is a common understanding or design to commit

a tort or unlawful act between two or more people. Because direct proof of the agreement is unavailable, proof of the agreement is shown by circumstantial evidence, such as, shared motives. Plaintiff has alleged Intel have a shared objective with Qualcomm and both agreed to do their part to achieve that objective. Each intended to bring about the unlawful injury [restraint of trade] that was the subject of the agreement. The implied agreement, or meeting of the minds between the two competitors Intel and Qualcomm, was for the purpose and with the effect, of unreasonably restraining trade.

Both was given notice in 2010 to "cease and desist" and was offered a licensing agreement; both knew of Plaintiff's patented central processing units (CPUs); both contributed to the infringement of Plaintiff's CMDC devices [Intel with desktop PCs, laptops & tablets; Qualcomm with smartphones]; both maintained a monopoly with the sell of Plaintiff's patented CPUs; both "tied" Plaintiff's patented CPUs to its chipsets to manipulate prices; both had knowledge of Plaintiff's patents, but chose to ignore the patents; and both refuse to license.

Sherman Antitrust Act § 2: "attempt to monopolize; monopolized; and maintain its monopoly" by making, using, offering for sell, and selling chipsets and system-on-a-chips that allegedly infringes Plaintiff's patented central processing units (CPUs).

Clayton Antitrust Act § 4: As indicated above Plaintiff was "injured in his business and property by anything forbidden in the antitrust laws—Plaintiff may sue for treble damages. Plaintiff's injury is of the type the anti-trust laws were intended to prevent (anti-trust injury). Plaintiff has suffered actual injury to his business or property.

Literal infringement and infringement under the "doctrine of equivalents": The making, using, offering for sell, and selling products that infringes Plaintiff's patented central processing units (CPUs) (i.e., processors, system-on-a-chip (SoC), chipsets).

Contributory infringement: the "supply of Component A (i.e., CPU, chemical sensor) with instructions to connect it to a generically available Component B (i.e., CMDC device—desktop PC, laptop, tablet, smartphone), where A+B is Plaintiff's patented product.

Willful infringement: At the pleading stage, an enhanced damages claim based on willful infringement must only plausibly allege that the accused infringer (1) had knowledge of, or was willfully blind to, the existence of the asserted patent and (2) had knowledge of, or was willfully blind to the fact, that the accused infringer's conduct constituted, induced or contributed to infringement of the asserted patent.

On 12/16/2010: Plaintiff's notice letters to "cease and desist" and licensing offer was mailed U.S. Postal Service, Certified Mail to Mr. Paul S. Otellini, President & CEO Intel, and Mr. Curt J. Nichols, VP Intel Capital Intel, at Mission College Blvd., Santa Clara, CA 95054-1549. Intel received and signed for the letters 12/20/2010. Phone: 408-765-8080. Tracking Nos: 7010 1870 0002 0193 0360 and 7010 1870 0002 0193 0377. (Filed in this Case 5:22-cv-03828-NC, at Dkt. 1-7; filed 06/28/22 and Dkt. 21; filed 09/27/22)

Date: 03/22/2023

Sincerely,

Larry Golden, *Pro Se* Plaintiff
740 Woodruff Rd., #1102
Greenville, SC 29607
(H) 8642885605
(M) 8649927104
Email: atpg-tech@charter.net

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 22nd day of March, 2023, a true and correct copy of the foregoing "Memorandum in Lieu of Oral Argument", was served upon the following Defendant by priority "express" mail:

Richard Tyler Atkinson

McManis Faulkner

50 West San Fernando Street, 10th Floor

San Jose, CA 95113

Phone: (408) 279-8700

Fax: (408) 279-3244

Email: tatkinson@mcmanislaw.com

_/s/ Larry Golden_

Larry Golden, Pro Se

740 Woodruff Rd., #1102

Greenville, South Carolina 29607

atpg-tech@charter.net

864-288-5605



EI 436 403 838 US

Case: 23-1257   Document: 20   Page: 8   Filed: 03/24/2023

**UNITED STATES POSTAL SERVICE®**

**PRIORITY MAIL EXPRESS®**

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT)  PHONE 864 288-5605

LARRY GOLDEN
740 WOODRUFF RD.
#1102
GREENVILLE, SC 29607

**DELIVERY OPTIONS (Customer Use Only)**

☒ SIGNATURE REQUIRED *Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.*

**Delivery Options**
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT)  PHONE (202) 275-8000

U.S. COURT OF APPEALS FOR THE FEDERAL CIRCUIT
CASE NO: 2023-1161
CASE NO: 2023-1257
717 MADISON PLACE, NW
WASHINGTON, DC
ZIP+4® (U.S. ADDRESSES ONLY)
2 0 4 3 9 -

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

⬅ **PEEL FROM THIS CORNER**

**PAYMENT BY ACCOUNT (if applicable)**
USPS® Corporate Acct. No.     Federal Agency Acct. No. or Postal Service™ Acct. No.

**ORIGIN (POSTAL SERVICE USE ONLY)**

☒ 1-Day   ☐ 2-Day   ☐ Military   ☐ DPO

PO ZIP Code: 29606
Scheduled Delivery Date (MM/DD/YY): 3/23/23
Postage: $28.75

Date Accepted (MM/DD/YY): 3/22/23
Scheduled Delivery Time: ☒ 6:00 PM
Insurance Fee: $
COD Fee: $

Time Accepted: 1:34 ☐ AM ☒ PM
Return Receipt Fee: $
Live Animal Transportation Fee: $

Special Handling/Fragile: $
Sunday/Holiday Premium Fee: $
Total Postage & Fees: $28.75

Weight: lbs. 12.6 ozs.  ☒ Flat Rate
Acceptance Employee Initials: [signature]
$28.75

**DELIVERY (POSTAL SERVICE USE ONLY)**
Delivery Attempt (MM/DD/YY) | Time ☐ AM ☐ PM | Employee Signature
Delivery Attempt (MM/DD/YY) | Time ☐ AM ☐ PM | Employee Signature

LABEL 11-B, MAY 2021   PSN 7690-02-000-9996